Last but not least, you have your most intriguing argument of the day, I think, it's your perfect law school question. Is there a duty here? And there's a few guiding principles, and I'm just going to read them to you instead of looking at you. Well, tell us who you are first. Oh, I'm sorry, I thought I just did. I'm Leslie Rosen on behalf of the plaintiff. Okay. You understand we've already read your brief. I understand. I understand it's a deceptively simple question, but it's difficult in its way, too. It's both. The law is very clear that every person knows the duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act. And such a duty does not depend upon contract, privity of interest, or the proximity of the relationship. Well, isn't this case all about the reasonable foreseeability of this happening? Isn't that what the issue is here? That's it. We can just take away all the other stuff, can't we? That's it. That's it. Is it reasonably foreseeable? And it has its peculiarities. There's no question. I'm sure you've never seen a case like it. Well, no, that's not really true because didn't the trial court rely on some fairly old precedent involving trains colliding with an individual and part of the torso was flung, shall we say, 50 feet or more? I said you. I said you. This is the Pennsylvania Supreme Court case of 1896. Guess what it's relied on? There's more than the one Pennsylvania case. Two Pennsylvania cases. There was an Indiana case, I believe. No. I believe there's two Pennsylvania cases they're relying on in this appeal. Well, what about that? Well, maybe Welch was cited in one of the Pennsylvania cases. There's two Pennsylvania cases the defendant's relying on. They're saying this is just too freakish. But the fact is, I think this is most likely... Well, isn't what the court stated in that not really freakish? But the decision was based on the fact that anything is possible. No, but that's, yes. But is it probable that when you're waiting at a train station, as most people do every day, that the probability of a train colliding with a passenger or someone crossing the tracks will not normally or probably have a torso flown 100 feet? It's very possible because it happened in that case. And that's kind of the reasoning, that everything is possible, but the law requires that it be... Reasonably. Reasonably foreseeable. Absolutely. Right. But the question is, it's not, you're not looking at the specifics of the, well, you never see a flying body going in to another person. That's true. You don't expect that. When you're standing waiting at the train, you don't expect that to happen. It's true. But that's what happens here. But that's from the viewpoint of the plaintiff, not from the viewpoint of the defendant here. The question to me is whether, if you're going to be doing something as stupid as running across a train track to try to beat a train, can you expect that your negligence is going to cause an injury to somebody else in the vicinity? And that should be a definite yes. You should expect that when you're negligent like that, because that is basic physics. And you may not know that. You may be ignorant of basic physics, but that's a subjective point of view. This is an objective test. And that's why I started to say it's, to me, it's most like the Knauss versus Illinois power, where the court, the Illinois Supreme Court held that there's no duty to somebody when electricity arcs, because a reasonable person knows that electricity arcs. Well, in fact, I don't think that's true. I don't, I certainly, when I read the Knauss, I was like, oh my God, electricity arcs. Nobody ever taught me that. And obviously, nobody ever taught Mr. Joho the basic laws of physics, Newton's second law of motion in specific, that if you're going to collide with somebody, you're going to go flying. And the fact that it was 100 feet is not surprising at all, because you've got a train moving at 70 miles an hour, and it's a big, big train, and it's very, very dangerous. And it's not just dangerous to you, it's dangerous to the people around you. I mean, think of it this way. And yet people stand at train stations every day expecting this particular occurrence, that a train may collide with a person who's trying to cross the track, and that that body will be flung into them, and they will be hurt and harmed. No, you're not thinking about that when you're standing there. But the point is, should the defendant, no, was, the ability to the defendant, who's negligently running across the tracks, should he have reasonably foreseen, not what the plaintiff should have foreseen, what he should have foreseen, that his idiotic act was going to cause harm to somebody else. I mean, think of it as, it's really the same as, let's say she was closer. Let's say it wasn't 100 feet. Let's say she was- Well, the issue of feet, really. I mean, that- Well, they make it an issue. But she's so far, they make it a point. Well, that's really freakish, because who would expect their body to go 100 feet? But let's say she was standing close. And it's only 20 feet. Let's say 5 feet. And let's say she was splattered with blood. Would you think differently? Would you think differently if, let's say, the train threw on the brakes, and somebody sitting in the car had his head banged on the seat in front of him? So are you telling us that we should have a law that would say that we should write this law that people are responsible for their foolish acts? For their negligent acts. That is the law. No matter whether it's foreseeable or not. No. It's foreseeable that if you're going to run in front of a train, is what I'm saying the whole thing should be, if you're going to run in front of a train, you should realize, because it's basic science, that you can cause harm to somebody, not just yourself. That's the whole point. What if I'm on a bicycle rather than just running in front of the train? Mm-hmm. And? And a part of the bicycle hits somebody standing on it. Same story. Same story. Why is it different? Every day, or not every day, but regularly, cars collide at an intersection, and one of those cars will be pushed into a pedestrian. You don't think twice about saying that the car that pushed the other car into the pedestrian is at fault. That, to me, is the same scenario. You negligently drive a vehicle and you set something in motion. You've set it in motion. You're responsible. It's reasonably foreseeable if you're on the street that a pedestrian could get hit by your hitting another automobile. That's really the same. Yeah, but there wasn't a car here. What? There wasn't a car here. Of course not. But, I mean, I think that's analogous. And would you say the other cases can be distinguished because was there a plaintiff suing another party, or was it always the train? Did one of the cases involve what we would call a person crossing and then a person waiting, or were all the other cases involving suing the train? Those are about the train. I'll admit easily that the Pennsylvania Supreme Court case from 1896 goes against me. The end. There's nothing more to say about that. And I have to say I don't care. I don't care about that case that's 115 years old. Would you say that the fact that there aren't any other cases involving the nature of this sort of freakish accident that occurred, does that support your position? It shouldn't have anything to do with my position because it's the particular type of injury. Well, does that suggest in some way that there aren't that many happenings like this? There are. Does that bring it into the freakish nature of it at all? That's what makes this case difficult. There aren't so many cases. There are. And it is possible. We know it's possible. We know it's possible. But what's possible is that if you're going to, you know, negligently run into a train, you can hurt somebody. That's what's possible. And that's what we've alleged here. You could certainly hurt yourself. And you expect that. Absolutely. You're going to be hurt. Absolutely. But you should also know. And it's possible that you will hurt someone else because of your accident. That's what I'm saying. But that's not the law. It can't just be possible. Foreseeability involves probabilities. It should be reasonably foreseeable. I think it's reasonably foreseeable you'll hurt somebody else. It may be more likely that you'll splatter blood on them. It may be more likely that his briefcase could have gone into this person. But, I mean, in this case he did strike two people and knock them down, his body. Not just one, two. So the other person, you know, didn't sue. But it isn't the particular injury, you know, that you have to look at. It is death by a sphreakish. There's no two ways about it. What about the supreme court? Spreakish is not a legal term. No, it's not. Bizarre. Whatever. It's a very highly unusual. Foreseeability is a legal term. But I think it's reasonably foreseeable when it's Newton's second law of motion. Is it foreseeable that if I ride a bicycle in front of the train, negligently trying to beat the train across, and a part of the bicycle strikes somebody on the platform? Yes. Does it make any difference how far away they are? It shouldn't. The difference will be based on how fast the train is going and the weight of the train. That's the law of physics. I mean, the bicycle, you might think that seems more likely. So if a part of the bicycle hit your client, that's a pretty easy one, right? Well, it shouldn't be any easier, but I think you think it would be easier. Do you have any of those bicycle cases? No. No. No, this is an unusual factual scenario. No doubt about that. But, Justice McBride, I don't think that that really makes the difference in the law here. It has to be reasonably probable. Well, look, to me, I like Ganouse very much. I think that's a very comparable case because I don't think it's common. It's really common knowledge to a lot of people what electricity can do. But the law says it is. And I think, likewise, the law should say that it's a basic law of physics that if you hit something, you're going to go flying. And I've cited a number of cases from other jurisdictions. Is there any suggestion in this record that he was trying to beat the train? You keep saying that, but there really wasn't any testimony like that, was there? Well, he was running. There's no suggestion he was superseding. I thought the testimony was that he had an umbrella. It was raining. And he was running. He was crossing the track. He was running. He was running. I believe that's clear. He was running. And then one person, the train engineer testified, he looked at him and smiled. And, yes, there's definite testimony that he was running. According to the plaintiff, on page 2 of my brief, the young man was running fast in the southbound direction, volume 1. Well, the fact that he got hit by the train was nobody's fault but his. Of course. I mean, that's a fact. There was originally a claim against the railroad, but that quickly was disposed of. There's no allegation it was the train's fault. Trains are big, dangerous entities. You can't stop on a dime. Would it be different to you if somebody on the train had their head bumped as a result of the train breaking because of his negligence? I mean, also, to me, that's reasonably foreseeable. A number of things are reasonably foreseeable. This particular factual scenario is odd, but that doesn't take it out of the realm of reasonably foreseeable. So you've got my idea. I just want to say, and I reread Wudlowski this morning and last night, which is another case that has a very peculiar set of facts. The nurse got bitten in the hospital by a person who was delirious as a result of nitrogen, nitrous oxide or something. He was in the hospital. And what's interesting, they cite this in their brief for the proposition that that's too freakishly bizarre and there was no duty there. But in that case, what's most important is that the Supreme Court's opinion deals only with the liability of the employer, not the biter. The biter had been in count one of that case, and he had been dismissed. But apparently, I would assume the biter had no money. There was no appeal about the biter. The biter was the direct wrongdoer. The employer was a step removed. Same thing, Kirk versus Michael Reese. Nobody's going after the guy who ran into the tree. They're going after Michael Reese and the doctor. Same thing, Kunis. They're not going after, in that case, that case doesn't deal with the driver who negligently caused the plaintiff to be ejected from the car. My case is direct. It's absolute direct negligence. And I think that when you think about that, and you look at the Colonial Inn versus Gay case, that's another case. That's my best case, too. The explosion? The explosion. That's your best case? I think those are really good cases because in there, the guy just tapped the air conditioner. He had no reason to think it was, you know, he just tapped it. And it went down the line like a Rube Goldberg, you know, case. And boom, and there was a duty there. Also, you have to remember, this is not Palsgraf. This is a case, it's easy to say, oh, it's a Palsgraf case. Not. Not, not at all. Palsgraf did not involve, in Palsgraf, you may recall, I put it in my brief, the guy was getting on the train, carrying a box of firecrackers. His friend pushed him on, dropped the firecrackers, dropped, caused the explosion, which then causes the scale to fall on the woman, causing her to develop a stutter, actually. That's not this case. We're not talking about, you know, this, he fell into a billboard that then fell and then crashed on her. It's just the wrongdoer himself.  We wouldn't have that law. Thank you, Counselor. Thank you. We'll give you a chance to respond after we've heard from your opponent. Okay. May I have police support? My name is Robert Scott. I am here on behalf of Jung Hee Park, Special Administrator of the Estate of Hiroyuki Joho, the defendant, and our colleague. Thanks for listening to us. Briefly, just to respond to some of the things that, to do that first that Counsel just argued. First thing I thought of was the example about the automobiles that you all Well, the lack of foreseeability, as you see it, is that rooted in the fact that this was a human being, part that hit the individual, or? It isn't, Justice Cahill. So if he were on a bicycle or in a car, the results should be the same? Perhaps not a car. A bicycle, yes. Let me explain. That's where I was going to, and then you can tell me if you have another question. It's really kind of simple, and I can get more detailed and more analytical if you want, but why is a situation involving multiple cars striking each other on the expressway, the highway? Let's talk about just a train hitting a vehicle that an individual is in. Okay. And where are we going with that? A part of the vehicle hits somebody who's on the platform. Same result, because that's still a bystander on the platform. It is different. So it's not foreseeable that that bystander on the platform would be? The answer to that is that the analysis is the initial contact with the particular plaintiff. Is that foreseeable that that would happen? And the answer respectfully is no. The one other thing I wanted to get to, and I know you were going a little bit differently, but the cars example, the reason that's different, and I'm talking about multiple cars because that's what they talked about. No, I don't want to talk about multiple cars. I want to talk about the train hitting the individual in a car rather than just in the individual. Oh, you mean the individual's in the car and the train hits the car and the individual in the car is hurt? No, no. Oh, no. Part of the car, the car is destroyed, the individual is killed, but part of the car, okay, hits somebody on the platform. Same answer. Not foreseeable. Not foreseeable. Could it happen? Yes. Has it happened? Well, wait a minute. Maybe. Let's talk about the older cases. Now, in each of those cases, the injured party was suing the train company. Well, the two Pennsylvania cases, one yes, the other one is a bus case. The bus case involved two passengers who got off the bus, and instead of crossing in front of the bus, they crossed behind it, and the court said that it wasn't foreseeable that the driver coming the other way would expect those two to come out late at night in darkness and cross the path. So I'm not sure that that case really helps you, but the case involving the train where a person was struck and then that person's body injured someone else, the object of the lawsuit was the train. Yes. And the question was should the train or the operator of the train, as a representative of that company, expect that when the train operator hit someone that that would then cause that body to hit someone else. Now, your opponent has pointed out that in this case, we have a person who's crossing the tracks, and the suit is brought against that person. Should that person have any notion that if he's rushing to get across the tracks, that if he gets hit, he could cause damage to someone else, which is what happened. Right. So there is no case that says what you're saying. The other case from the Supreme Court of Pennsylvania involves suing the train, and they point out that the focus is on what that actor would reasonably expect. Now, we have a different actor here. We do. So how do you negate that notion that this person dashing to get across the tracks, if he's hit, may cause injury to somebody else? It is reasonably foreseeable that he may cause injury to someone else. Because, well, through hindsight, you could say that. It happened. It wasn't objectively reasonable to that actor at the time it happened. Now, it may have struck him that he was putting himself in danger. It was not objectively reasonable. It was not thought by him, and under any of the cases, it wouldn't be foreseeable that if he did that, ran in front of the train, that a part of his body would strike a bystander and injure that bystander. Can I address one other thing, and then please ask the other? There are cases that clearly would say that the driver of an automobile owes a duty of care to a certain orbit around them, and that if they're trying to beat a train, I don't think that we would have an issue here about whether or not a body being struck by another from that kind of collision is the same case at all. Well, it might not be the same case at all, and as we point out in our brief, automobiles are much different than individuals, and there's a whole different set of rules that regulate them. Why is that? Well, there are. Why are there? Why, in terms of the individual who's responsible for driving the car, his estate, assuming that he was killed in that, would be possibly liable for an injury caused by parts of the vehicle striking people on the platform. Okay. Okay? Why is that different from part of his body striking somebody on the platform? Let's suppose that gets hit by both the car, part of the car and part of the body. Well, first of all, I would argue that part of the car striking a bystander 100 feet away. Forget about 100 feet, 20 feet. Just striking a bystander. I would still argue that that car, that it's not foreseeable that a portion of the car would strike that bystander. But you've asked the question, what makes it different here? Why is it different? Is it different because it's an individual body part rather than something he might have been carrying or the car he might have been driving? Well, that's definitely a big factual distinction. Would the court? Why is it different, though, in terms of foreseeability? Well, it's not foreseeable that an individual or an individual's body part would make contact with this particular plaintiff in this particular case. Even though it might be foreseeable that if he were driving a car and part of the car hit that individual, it would be foreseeable. You're saying that. You're not. Okay. Well, I answered your question before. We do have cases where the car driven by an individual hits someone. We do. And Justice McBride was referring to those. And part of what I was trying to say. This one Pennsylvania case, and this is not something that you find only in Pennsylvania. You find it anywhere. That a defendant owed a duty to refrain from injuring persons by an unreasonable or careless use of his automobile. I don't think there's any question that if someone was trying to beat this train by driving a several ton automobile, that it's reasonably foreseeable that there could be injuries to others besides that car and the train. All right? I'm saying there's a difference. I believe there's a difference. The question is does a person owe a duty by walking across the tracks to others to make sure that, you know, do we think that that's the same duty here? I don't know if it is. I really don't. Well, Your Honor, our position is it's not the same duty. And that it's not foreseeable. An individual is different than a car. Yeah, the question is. A car is big. It travels fast. There's a different set of rules. We each have a duty, a general duty. Yeah. To make sure that we take care so that others aren't harmed. And so the question is, was this reasonably foreseeable that if he crossed the tracks that his body would be flung 100 feet and injure someone? It's absolutely not. So that's the question. It's not objectively reasonable. It wasn't to him. And even though you talked to counsel about this, even the paucity of cases relating to a situation like this shows that it is not something that happens often. It's not foreseeable. One thing quick I want to say to you, Justice McBride, because you mentioned it before when you were talking about Wood, and I don't want to forget it. It's Wood v. Pennsylvania Railroad. That's the Supreme Court of Pennsylvania case. It's an old case. It's 1896. You're right. That case was brought against Pennsylvania Railroad. But it also discussed the concurrent negligence of the person who was struck by the train. And it said that people stand and wait at trains every day, and it's not reasonably probable that they would expect a body part or someone's body to be flung at them while they're waiting for a train. But it is possible because it occurred in that case. That was once before the restatement of torts, so a restatement of torts, too. Yes, sir. It was. How do you distinguish the Farr case? What would you say about that case? I would say this. The Farr case does not deal with any issue that's related to this case. The Farr case dealt with two things. One was the male carrier who ultimately was injured, who, by the way, was trying to scoot across in front of the train just a little bit ahead of the lady who died. It discusses whether or not he was contributorily negligent, and the court says no. Second thing it discusses is was the train in violation of its own rules vis-à-vis speed going through a station. That's what it discusses. So it's not relevant to this. Is it factually similar in some respects? Yeah. Any other questions? Just a couple real quick things, and then I'll be done. We haven't discussed this, but perhaps as important as foreseeability in Judge Quinn's decision was his holding that plaintiff was not in the class of persons that was protected by the statute that they cite. They cite the statute that says you're not supposed to go into a crossing if there's an audible sound, bells, etc. That's correct. That's a statute. He may have violated it in this case. No, that one's a throwaway. Okay. I think counsel would even admit that. Perhaps not openly, but privately would probably admit that that was just a throwaway. Last thing I'll say, if you listen to counsel's argument, respectfully, she's making the argument she must make, but it's the Justice Andrews argument in Cardozo. I mean, it is. Our argument in Paul's draft. Our argument is the Justice Cardozo argument in Paul's draft, which relates to reasonable foreseeability. She's attempted to distinguish that case. She has attempted to, and let me say this about that, and then I'll sit down, because I can see you're standing up, Justice Cahill. That has nothing to do with your argument. That has to do with my back. Okay. These chairs aren't designed for a back my age. Part of what counsel said about Paul's draft actually supports us, because if you look at this case, it involved three outdoors. We have a train. We have the decedent. We have the lady who was unfortunately injured. Colonial in versus gay, which they discussed, two actors. Gentleman backs up into a building. Is that foreseeable that it could cause damage? Yes. Two actors. Paul's draft, several actors. Person with the explosives, the scale, the person who was injured. Pardon? What about the Iowa case that they cite? The Iowa case, I briefed it. The issue in the Iowa case, and Iowa must follow the federal rules of civil procedure, because it talks about a rule 33B. It was, and they must have had contribution back when that case was filed or heard in 62 or 63. The issue in the Iowa case was can the defendant file a third-party complaint for contribution, and the court said yes. That was the issue in that case. Okay. Thank you very much for listening. I respectfully ask you to affirm the decision of the trial court based on our briefs and arguments, and thanks a lot. Okay. Foremost, I disagree with counsel's statement that it was not objectively reasonable to the young man. It was not subjectively reasonable to him that he could cause damage to somebody. Absolutely. He didn't know. I'm sure he didn't know he could cause damage to himself to the degree he was going to do, but it objectively is different, and that's the standard we're here. I think Farr is an interesting case, although it is different on the legal principles. It does show that Illinois recognizes that when a train hits a pedestrian and that pedestrian hits somebody else, there was a duty. There was a duty that that was reasonably foreseeable. Here it's objectively reasonably foreseeable because everybody was related. The plaintiff and the defendant were both there for the same reason. Everything happened at the same time, and there was a nexus. Everything came together. You asked about other fat situations, about a truck on a track. That's the Bourbonnais case. There's tons of those cases when there was a truck driver who had been driving too long, was on the track, and the train derailed, and I don't know how many lawsuits that were arising out of the Bourbonnais injuries, but that was a case against the truck driver. He negligently caused injuries to many people. I don't believe that's come to any appellate court yet. Those cases were in the federal court, federal district court, and then there was a lot of moving them around. There's other cases already that have involved cars, trucks, buses crossing tracks, being struck by trains, and negligence actions against the driver. Right. I don't know that we can analogize those cases to a human body. That's the question. That's the question, and that's your call. Thank you very much. Bye-bye. Counsels, thank you both. The case will be taken under advisement, and we're adjourned.